**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 26 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWIN ORLANDO CALDERON-FAJARDO,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 19-72874<br><br>Agency No. A077-242-580<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 3, 2020[**]
Pasadena, California

Before: SILER,[***] BERZON, and LEE, Circuit Judges.

Memorandum joined by Judge LEE and Judge SILER;
Dissent by Judge BERZON

Edwin Calderon-Fajardo, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals decision affirming an Immigration

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Judge's denial of reopening. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Calderon-Fajardo unlawfully entered the United States in May 1998. Removal proceedings commenced a month later, and he was granted the right to voluntarily depart by March 2000. Calderon-Fajardo, however, apparently did not depart and remained in the United States. In March 2018, after he was detained by immigration authorities, he filed a motion to reopen his removal proceedings from two decades ago. The motion consisted of a single paragraph without any accompanying documents or evidence. That motion was denied by the Immigration Judge and then affirmed by the Board of Immigration Appeals.

2. We review the denial of a motion to reopen for an abuse of discretion. *See De Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir. 2004). Under 8 C.F.R. § 1003.23(b)(3), a motion to reopen must be, *inter alia*: (i) "supported by affidavits and other evidentiary material"; and (ii) "accompanied by the appropriate application for relief and all supporting documents." Calderon-Fajardo's one-paragraph motion filed in March 2018 was neither supported by evidentiary material nor accompanied by an application for relief. The agency thus acted within its discretion in denying reopening because he failed to satisfy procedural requirements prescribed by regulation. *See Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1064 (9th Cir. 2008) (failure to "satisfy the procedural requirements" precludes relief);

2

*Khourassany v. I.N.S.*, 208 F.3d 1096, 1099 (9th Cir. 2000) (procedural rules for reopening — with the limited exception of time and numerical limitations and prior unavailability of evidence — apply in the context of a claim under the Convention Against Torture).

3. Calderon-Fajardo also raises due process and equal protection challenges to the denial of reopening, which we review *de novo*. *Ram v. I.N.S.*, 243 F.3d 510, 516 (9th Cir. 2001). These arguments lack merit. First, the Immigration Court Practice Manual — consistent with 8 C.F.R. § 1003.23(b)(3) — requires that if a motion to reopen "is based on eligibility for relief, the motion must be accompanied by a copy of the application for that relief and all supporting documents." Second, Calderon-Fajardo's claim of insufficient time is unavailing because his motion was premised on events that allegedly occurred over the preceding year and a half, and he has offered no indication that anything prevented him from preparing a compliant motion when he first became aware of the events giving rise to his request for relief. Third, the gap between Calderon-Fajardo's voluntary departure date and the recent events described in his motion is immaterial because the agency's decision was not based on the timing requirements of 8 C.F.R. § 1003.23(b)(3).

Finally, Calderon-Fajardo's exclusion from the scope of 8 C.F.R. § 208.31 does not violate equal protection because he is not similarly situated to the two

3

groups covered by the regulation. *See Hernandez-Mancilla v. Holder*, 633 F.3d 1182, 1185 (9th Cir. 2011) (in equal protection challenge, an immigration law "is presumed constitutional, and 'the burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it.'") (citation omitted). Unlike aggravated felons and illegally reentering aliens, who face summary proceedings, Calderon-Fajardo's removal was ordered by an Immigration Judge. He therefore could (and did) avail himself of the option to seek reopening under 8 C.F.R. § 1003.23(b)(3). His inability to secure relief stems not from the absence of equal protection under 8 C.F.R. § 208.31, but rather due to his failure to comply with requirements for reopening under 8 C.F.R. § 1003.23(b)(3).

**DENIED.**

FILED

OCT 26 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BERZON, J., dissenting:

I respectfully dissent.

The majority is correct that Calderon-Fajardo's initial motion to reopen was neither supported by evidentiary material nor accompanied by an application for relief, as required by regulation. But the majority ignores the fact that Calderon-Fajardo's motion was initially *granted*. Following a change in venue, a different Immigration Judge ("IJ") subsequently granted the government's motion to reconsider and set a master calendar hearing to "reassess the order of the prior judge."

During that hearing, the record shows, Calderon-Fajardo was prepared to file the missing documentation in support of his motion to reopen, which, at that point, was still pending. Calderon-Fajardo's counsel explained that "we've actually prepared an application assuming we're going to plead for that today, which I think is also a declaration." Nonetheless, the IJ did not permit counsel to cure any initial error by accepting the filings. The IJ then denied Calderon-Fajardo's motion to reopen because of the initial procedural failure.

Construing a parallel regulation governing motions to reopen before the Board of Immigration Appeals ("BIA"), this court held that it does not require petitioners to submit the relevant evidentiary material and application for relief at

1

the same time as their motions to reopen. *Yeghiazaryan v. Gonzales*, 439 F.3d 994, 998–99 (9th Cir. 2006) (interpreting 8 C.F.R. § 1003.2). Instead, petitioners must file the relevant evidence and application within the applicable statutory time period for filing the motion to reopen.

The regulation at issue here requires that a motion to reopen ordinarily be filed "within 90 days of the day of entry of a final administrative order of removal." 8 C.F.R. § 1003.23(b)(1). Under *Yeghiazaryan*, a motion to reopen could be filed on the first day of the period and the accompanying evidence and application on the ninetieth. But the time limitation does not apply if "the basis of the motion is to apply for … withholding of removal under the Convention Against Torture, and is based on changed country conditions arising in … the country to which removal has been ordered." 8 C.F.R. § 1003.23(b)(4)(i). Here, Calderon-Fajardo's motion to reopen was based on alleged changed country conditions. So Calderon-Fajardo's motion to reopen would have been procedurally properly filed had the application and declaration form been accepted when they were proffered at the second hearing. The question whether there were in fact changed country conditions could have been determined based on the application and supporting documents filed.

Despite this sequence of events, one of the reasons that the BIA adopted and affirmed the IJ's decision was that "no such application was included with th[is]

2

appeal." This was error. Calderon-Fajardo's attempt to file an application before the IJ, where it was supposed to be filed, 8 C.F.R. § 1003.23, had been rejected. The applicable regulation, interpreted consistently with *Yeghiazaryan*, allowed petitioner to file the application after the motion as long as no deadline was breached.

For these reasons, I would grant the petition, and remand with directions to remand to the IJ for acceptance and consideration of the completed motion to reopen, including for a determination whether the changed country conditions exception applies. I therefore respectfully dissent.